IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JASON A. CAMBRON, #Y316765, ) | Civil Action No. 3:11-326-RMG-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| SERGEANT HARRIS, FIRST NAME ) | **REPORT AND RECOMMENDATION** |
| CURRENTLY UNKNOWN; AND ) | |
| OFFICER MORANT, FIRST NAME ) | |
| CURRENTLY UNKNOWN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The pro se Plaintiff, Jason A. Cambron, filed this action on February 23, 2011.[1] He is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff has filed motions, as discussed below.

## **MOTION FOR DEFAULT JUDGMENT**

On May 10, 2011, Plaintiff filed a motion for default judgment. He argues that service was effectuated on April 14, 2011; Defendants' answers were due by May 5, 2011; and Defendants failed to file their answers by May 5, 2011. Plaintiff fails to show that he is entitled to default judgment as he has not shown that Defendants failed to plead or otherwise defend. See Fed. R. Civ. P. 55. Defendants were served with the summons and complaint in this action on April 14, 2011. See Docs. 14-15. Rule 12 provides that generally a defendant must serve an answer within twenty-one days after being served with the summons and complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). Here,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

Defendants timely filed their answer on May 5, 2011 (see Doc. 10). Thus, it is recommended that Plaintiff's motion for default be denied.

## **MOTION FOR A PRELIMINARY INJUNCTION**

On June 14, 2011, Plaintiff filed a motion for an immediate temporary injunction. He requests "separation" from Defendants. He states that he will be released from the administrative segregation unit (lock-up) on July 19, 2011, and without injunctive relief he will be placed back on the unit where Defendants regularly work. Plaintiff states he fears retaliation from Defendants and wishes to avoid further conflict with Defendants, claims that he was previously assaulted by Defendants and fears that any retaliation will possibly be physical in nature, and argues that an immediate injunction requiring separation will eliminate the possibility of retaliation. Defendants filed a response on June 28, 2011. They contend that Plaintiff's motion fails to meet the legal standard required for the extraordinary relief requested to be granted. Specifically, Defendants argue that Plaintiff has not stated he will suffer irreparable harm if he is not granted the injunctive relief sought, Defendants would be harmed if the requested relief is granted because it would disrupt the daily operations of the prison, it would not serve the public interest to provide Plaintiff an injunction when he has proven no irreparable harm, and Plaintiff's motion is an attempt to circumvent SCDC procedures and safety considerations.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff fails to show that he is entitled to relief under the factors set out in Winter. He has presented nothing to show that he is likely to be successful on his underlying claims. Although Plaintiff speculates that he might suffer injury, he fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. See, e.g., In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 530 (4th Cir. 2003)(explaining that irreparable harm cannot be "remote nor speculative, but actual and imminent"); Basey v. Mooneyham, 172 F.App'x 582, 584 (5th Cir. 2006) (denying request for preliminary injunction where prisoner sought transfer because of "imminent danger" from corrections officers involved in earlier assault). Additionally, Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. Thus, it is recommended that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for default judgment (Doc. 13) be **denied**, and that Plaintiff's motion for a preliminary injunction (Doc. 19) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

November 7, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).