IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason A. Cambron, #Y316765 | ) |
| | ) |
| Plaintiff, | ) C/A No. 3:11-cv-326-RMG |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Sergeant Harris, | ) |
| First Name Currently Unknown; and | ) |
| Officer Morant, First Name Currently Known, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter comes before the Court on Plaintiff's motions for default judgment and for preliminary injunction. This action was brought *pro se* by Plaintiff, an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections. Plaintiff's complaint alleges that Sergeant Harris and Officer Morant used excessive force. (Dkt. No. 1). Plaintiff alleges that he continued to request medical attention after he was asked several times to return to his cell. *Id.* Plaintiff alleges that he was thrown against the window and sprayed twice in the face with chemical munitions gas. *Id.* After being asked to get on the ground, Plaintiff alleges he was kicked hard in the ribs by Sergeant Harris and stomped on by Officer Morant. *Id.* Plaintiff further alleges that one of the officers slammed his face into the floor and Sergeant Harris dragged him by one leg and left him handcuffed on the floor for a half an hour before he was given medical attention. *Id.* at 1-2.

Plaintiff moved for default judgment as to all Defendants, claiming that the Defendants failed to answer Plaintiff's complaint within 21 days as required by Rule 12. (Dkt. No. 13 at 1). Plaintiff also moved for injunctive relief, as he was to be moved from the administrative segregation unit back to the unit where Defendants regularly work on July 19, 2011 and claims

1

fear of retaliation from Defendants. (Dkt. No. 19 at 1). Specifically, Plaintiff requested separation from Defendants. *Id.* Defendants filed a response in opposition to the motion for injunctive relief, arguing that Plaintiff failed to show that he will suffer irreparable harm if he is not granted the injunctive relief sought, injunctive relief would harm the Defendants "because it would disrupt the daily operations of the prison and the Defendants' efforts to do their jobs as required of them" and such relief is not in the public interest when Plaintiff has proven no irreparable harm. (Dkt. No. 20 at 1).

This matter was referred for pretrial handling to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C. The Magistrate Judge recommended that Plaintiff's motion for default judgment be denied. (Dkt. No. 28 at 2). The Magistrate Judge noted that Defendants timely filed their answer on May 5, 2011, twenty-one days after Defendants were served on April 14, 2011. (Dkt. No. 28 at 1-2).

The Magistrate Judge further recommended that Plaintiff's motion for preliminary injunction be denied. (Dkt. No. 28 at 3). Applying the standard set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the Magistrate Judge concluded that Plaintiff has not shown that he would suffer irreparable injury if he is not granted a preliminary injunction as he has not shown an actual or imminent threat of harm. This Court further notes that the remedy sought by Plaintiff regarding separation lies primarily against the State of South Carolina and the South Carolina Department of Corrections and neither are party to this action. *See Williams v. Maryland*, 2011 WL 3422825 at *8 (D.Md. 2011). Further, the Fourth Circuit has noted that retaliation claims in prisons are treated "with skepticism because every act of discipline by prison officials is by definition retaliatory in the sense that it responds directly to prisoner

misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)(internal citations and quotations omitted).

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection has been made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). The Plaintiff has not filed an objection to the Report.

The Court, having reviewed the Report and Recommendation, the record before the Court and the applicable legal authorities, hereby adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's motion for default judgment is **DENIED**. (Dkt. No. 13). Plaintiff's motion for preliminary injunction is **DENIED**. (Dkt. No. 20).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 14, 2011
Charleston, South Carolina