IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JASON A. CAMBRON,  #Y316765, | )  Civil Action No. 3:11-326-RMG-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  **REPORT AND RECOMMENDATION** |
| SERGEANT HARRIS, FIRST NAME | ) |
| CURRENTLY UNKNOWN; AND | ) |
| OFFICER MORAN, FIRST NAME CURRENTLY | ) |
| UNKNOWN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Jason A. Cambron, filed this action pro se on February 23, 2011.[1]  Plaintiff appears

to allege, pursuant to 42 U.S.C. § 1983 ("§ 1983"), that Defendants violated his constitutional rights.

Plaintiff is an inmate at the Turbeville Correctional Institution ("TCI") of the South Carolina

Department of Corrections ("SCDC").  On January 11, 2012,  Defendants filed a motion to dismiss

or in the alternative for summary judgment.[2]  Because Plaintiff is proceeding pro se, he was advised

on January 12, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure

to respond to Defendants' motion could result in the dismissal of his complaint.  Plaintiff filed a

response on February 13, 2012.

_____

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) and (e) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2]They filed additional documents in support of their motion on January 12, 2012.

**DISCUSSION**

Plaintiff alleges that on January 6, 2011 he requested medical care because he fell out of bed and injured his shoulder. A nurse allegedly directed Plaintiff to write a Request to Staff and ask that he be seen at sick-call such that he would be seen the next day. On January 7, 2011, Plaintiff approached the control booth to tell Defendant Harris that he needed medical attention because he had not been called for sick call and his pain was severe. Sergeant Harris ("Harris") allegedly told Plaintiff "no" and directed him to go to his cell. Plaintiff repeated his request, and Harris again told Plaintiff to go to his cell. Plaintiff again told Harris that he needed medical attention, at which time Harris left the control booth. Harris and Officer Morant ("Morant") approached Plaintiff and told Plaintiff to go to his cell. Plaintiff stated once again that he needed to go to medical, and was subsequently thrown against the window and had chemical munitions twice sprayed in his face. Plaintiff alleges that Harris then told him to get on the ground, whereby he complied. Plaintiff alleges that Harris began kicking him extremely hard in the ribs (knocking the wind out of him), Morant stomped on his inner thigh, he was gassed again, a correctional officer (who he could not see) slammed his face on the floor, and Harris grabbed his right ankle and dragged him by one leg out the front door until they were outside in front of his unit.

Harris allegedly handcuffed Plaintiff with his hands behind his back, such that Plaintiff could not use his hands to get any of the gas off of his face. After cuffing Plaintiff, Harris allegedly stated "Let's see if you get to medical any quicker now." Plaintiff claims that he was left on the concrete with gas on his face for approximately thirty minutes before being taken to medical. A nurse allowed Plaintiff to use an eyewash to wash the gas from his face. The nurse allegedly noted that Plaintiff's blood pressure was elevated, his ribs were bruised, he had slight swelling on his forehead, and he had

bruising on his right inner thigh.  Plaintiff claims he offered no resistance except to say he needed

to go to medical.

Plaintiff appears to allege that he was subjected to the excessive use of force.  Defendants

contend that their motion to dismiss or for summary judgment should be granted because: (1) this

court lacks jurisdiction as Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff was not

subjected to excessive force in violation of his Eighth Amendment rights; (3) Defendants are entitled

to qualified immunity; (4) Defendants are immune from liability under the South Carolina Tort

Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 et seq.;[3] and (5) and any claim for injunctive

relief should be denied.

It is recommended that this action be dismissed because Plaintiff failed to exhaust his

available administrative remedies prior to filing this action.  In his Complaint, Plaintiff provided:

> I wrote a Grievance on the situation and they informed me that a copy of the
> grievance was sent to the Division of Investigations for review and that the guidelines
> for time limits for Grievances sent to the Division of Investigation do not coincide
> with time limits for Grievances on an institutional level and that I would hear
> something "some time in the future."  Not knowing how long this would take, I chose
> to proceed with a lawsuit under 42 U.S.C. § 1983.

Complaint at 4.  In his opposition memorandum, Plaintiff argues that he did not file a Step 2

grievance prior to filing this action because Step 2 grievances are ultimately processed by the

Division of Investigations in Columbia, South Carolina; his Step 1 grievance was processed by the

Division of Investigations before the Warden made his decision on the Step 1 grievance on February

3, 2011; and a Step 2 grievance would be redundant because the grievance was already processed at

---

[3]Defendants argue that to the extent that Plaintiff has alleged a State tort liability claim, they are immune from liability under the SCTCA.  In his response, Plaintiff states that he has only alleged claims under the United States Constitution and has not sought relief under any state statutes. Plaintiff's Opp. Mem. at 3.

that level. He also asserts that "if time limits stated for Grievances don't [sic] apply when sent to the Division of Investigations, Plaintiff had no way of knowing when the Grievance would be reviewed and in order to stay within the applicable statutes of limitations the Plaintiff filed suit." Plaintiff' Opp. Mem. at 2.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA"), 42 U.S.C. § 1997, exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532. The Fourth Circuit, in <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674 (4th Cir. 2005), held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." <u>Id.</u> at 683.

Defendants have provided evidence that Plaintiff did not submit his Step 2 grievance prior to filing this action. <u>See</u> Defendants' Motion to Dismiss or for Summary Judgment, Exs. 1 and 2. The Court may take judicial notice of SCDC Policy GA-01.12, as discussed in <u>Jones v. Kay</u>, No. 07-3480, 2007 WL 4292416 (D.S.C. Dec. 5, 2007). <u>See</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d

1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The time limits of this policy are summarized as follows:

> (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; (2) the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; (3) the Warden should respond to the grievant in writing within forty (40) days; (4) the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and (5) a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

Jones v. Kay, at *5. Thus, only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his claims under § 1983. Here, Plaintiff did not do so.

Plaintiff had not received a response to his Step 2 grievance (which was not received by SCDC until February 24, 2011 - one day after Plaintiff filed this action) at the time he filed this action. See Defendants' Motion for Summary Judgment, Ex. 1; Plaintiff's Opp. Mem. at 2 ("Plaintiff has admitted that he did not file a Step 2 Grievance prior to filing suit against the Defendants."). A prisoner does not comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Exhaustion is a prerequisite to suit that must be completed prior to filing an action. See 42 U.S.C. § 1997e(a); Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001) (holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirements, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."), overruled on other grounds by Porter v. Nussle, 534 U.S. at 532; Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)(rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196

F.3d 641, 645 (6th Cir.1999) (a prisoner may not exhaust administrative remedies during the pendency of the federal suit); <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.); <u>Perez v. Wisconsin Dep't of Corr.</u>, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 33) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

April 11, 2012
Columbia, South Carolina


**The parties' attention is directed to the important information on the attached notice.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).